UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ELENA CALLE-OCHOA,

       Petitioner,

  -against-                                      No. 17-CV-6787-LTS
                                                  No. 86-CR-0286-05-RO

UNITED STATES OF AMERICA,

       Respondent.

-----------------------------------------------------------x

MEMORANDUM ORDER

       On August 20, 1986, Elena Calle-Ochoa ("Petitioner" or "Calle-Ochoa") pleaded guilty to (i) one count of conspiracy to violate the narcotics laws of the United States in violation of 21 U.S.C. § 846, (ii) one count of possession with intent to distribute "a Schedule II controlled substance" in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, and (iii) one count of knowingly using a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843. (Docket Entry No. 1, the "Petition," ¶ 3.)

       Over 30 years later, on September 5, 2017, Calle-Ochoa filed a petition pursuant to 28 U.S.C. § 1651 for a writ of error coram nobis, requesting that the Court set aside her 1986 conviction. Petitioner asserts that her plea was "[c]onstitutionally deficient" because her counsel did not adequately explain the consequences of pleading guilty, namely that her guilty plea would negatively affect her immigration status. (Id. ¶ 5.) Petitioner also asserts that her plea "was not knowingly and voluntarily entered because she did not understand the nature of the offense to which she was pleading guilty." (Id. ¶ 9.) According to Petitioner, "[a]s a direct consequence of her plea . . . [she] has been subject to deportation and is still under the threat of deportation." (Id. ¶ 10.) The Government filed its opposition to the Petition (Docket Entry No.

7), and Petitioner filed a reply in further support of her Petition (Docket Entry No. 8). The Court has considered thoroughly the parties' submissions. For the following reasons, the Petition is denied in its entirety.

DISCUSSION

Notwithstanding the Petition's recitation that Petitioner proceeds "by counsel," the only signature on the pleading is Petitioner's and no counsel has appeared on Petitioner's behalf in this case. Accordingly, the Court treats Petitioner as a pro se litigant, "liberally constru[ing]" her submissions "to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017).

"Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. U.S., 146 F.3d 88, 89-90 (2d Cir. 1998). "A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where 'extraordinary circumstances are present.'" Foont v. U.S., 93 F.3d 76, 78 (2d Cir. 1996) (quoting Nicks v. U.S., 955 F.2d 161, 167 (2d Cir. 1992)). The proceedings leading to the petitioner's conviction are presumed to be valid, and she bears the burden to show otherwise. Id. at 78-79. Coram nobis relief is "strictly limited" to those circumstances in which "errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Id. at 78 (internal quotation marks and alterations omitted).

"To obtain coram nobis relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." U.S. v. Mandanici, 205 F.3d 519,

524 (2d Cir. 2000) (internal quotation marks omitted). Each of these requirements must be met in order for relief to be granted. Id. Because Petitioner has failed to demonstrate compelling circumstances justifying the relief sought in her Petition, and because she has failed to proffer sound reasons for her failure to seek earlier relief, her Petition must be denied.

Petitioner asserts that (i) she received ineffective assistance of counsel in connection with her guilty plea because, her attorney did not advise her of the immigration consequences of her plea, advice that the Supreme Court later held in Padilla v. Kentucky, 559 U.S. 356 (2010), is necessary for effective assistance of counsel, and that (ii) her guilty plea "was not knowingly and voluntarily entered" because she "did not understand the nature of the offense to which she was pleading guilty." (Petition ¶¶ 9, 14-15.) Neither argument provides compelling grounds for the relief she seeks.

First, the Supreme Court's decision in Padilla v. Kentucky is not a viable basis for Petitioner's ineffective assistance of counsel claim because Padilla does not apply retroactively. See Chaidez v. U.S., 568 U.S. 342 (2013). Second, while Petitioner asserts that her guilty plea was not knowingly and voluntarily entered, her evidence consists only of her belated, self-serving, assertions. The Court is required to "presume the proceedings were correct. The burden of showing otherwise rests on the petitioner." Nicks, 955 F.2d at 167. Without the benefit of a transcript or other information related to the plea proceedings, which appear to no longer be available, evaluation of Petitioner's self-serving claims is exceedingly difficult. The evidence Petitioner has submitted shows that Judge Owen accepted knowing and intelligent plea allocutions from Petitioner's co-defendants. (See Docket Entry No. 8 at 12-39.) Petitioner has provided no reason for the Court to believe that Judge Owen conducted her plea hearing any differently. Moreover, the Court's obligation to "presume [that] the proceedings were correct" is

particularly acute here, where, despite knowing for the past three decades that she "did not understand the nature of the offense to which she was pleading guilty," Petitioner failed to challenge her plea at any point prior to filing her current Petition. (See Petition ¶ 9.) Forcing the Government to retry Petitioner now, more than 32 years after she was initially charged, would prejudice the public interest in the timely and certain administration of justice. Therefore, the Court concludes that the circumstances of this case do not compel the relief Calle-Ochoa seeks in her untimely Petition.

Even if Petitioner could demonstrate the requisite compelling circumstances, she has failed to proffer sound reasons for her failure to seek earlier appropriate relief. She states only that she "did not know until [she] was denied any immigration benefit and went to an attorney many, many years later, that the reason for the denial was [her] criminal conviction and that was many years after the deadline for filing an appeal had passed." (Docket Entry No. 2 ¶ 13.) Petitioner does not explain why she waited "many, many years" to consult an attorney regarding the immigration consequences of her conviction. Nor does Petitioner reveal or justify the time that elapsed between her legal consultation and her filing the Petition. The Court concludes that Petitioner has failed to "show justifiable reasons for the delay" in seeking relief from her conviction, and, therefore, her Petition must be denied. See Foont, 93 F.3d at 80.

CONCLUSION

For the foregoing reasons, Calle-Ochoa's petition for a writ of error coram nobis is denied. The Clerk of Court is respectfully directed to enter judgment denying the Petition and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. U.S., 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
November 7, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Elena Calle-Ochoa
14911 SW 104 Street
Bldg. 17 – Apt. 11
Miami, FL 33196